PEOPLE v ARTEBERRY

Docket No. 79424. Submitted June 19, 1985, at Detroit. Decided
August 18, 1986. Leave to appeal granted, 428 Mich 857.

The Detroit police obtained a warrant to search a specified
residence and a specified person at that residence for controlled
substances and anything used in the manufacture, distribution
or sale of such controlled substances. Richard D. Arteberry,
who was not the person specified in the warrant, was among
the seven persons present at the specified residence when the
search warrant was executed. When police found drugs and
money in a padlocked toolbox, persons present on the premises
were searched for the key to the padlock. The key was discov-
ered in Arteberry's pocket. Arteberry was charged with posses-
sion of heroin with intent to deliver. At his preliminary exami-
nation, Arteberry moved for dismissal of the charges on the
basis that the key was the fruit of an illegal search and was the
crucial link in the charge against Arteberry. The Thirty-sixth
District Court, Longworth D. Quinn, J., ruled that the search
warrant did not extend to the search of Arteberry's person and
dismissed the charge. The prosecution appealed to the Record-
er's Court of Detroit. The Recorder's Court of Detroit, Clarice
Jobes, J., affirmed the examining magistrate's dismissal of the
charge. The prosecution appealed to the Court of Appeals by
leave granted.

The Court of Appeals held:

A search warrant for a particular premises does not author-
ize the search of persons found on the premises who are not
specifically mentioned in the search warrant. The fact that the
object of the search may be concealed on the person of an
individual does not make individuals on the subject premises
containers which are subject to being searched pursuant to a
premises search warrant which permits the search of the entire
premises.

Affirmed.

REFERENCES
Am Jur 2d, Searches and Seizures § 111.
Sufficiency of description, in search warrant, of apartment or room
to be searched in multiple-occupancy structure. 11 ALR3d 1330.

SEARCHES AND SEIZURES — SEARCH WARRANTS — PREMISES SEARCHES.

A search warrant permitting the search of a particular premises does not authorize the search of persons found on the premises who are not specifically mentioned in the search warrant; the fact that objects named in the warrant might be concealed on the person of an individual found on the subject premises does not make such an individual a container subject to a search as part of a search of the entire premises.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Bernard Adams, Jr.,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. J. CAPRATHE,* JJ.

W. J. CAPRATHE, J. Defendant was charged with possession of heroin with intent to deliver, MCL 333.7401; MSA 14.15(7401). Detroit police officers had obtained a warrant to search a residence after a surveillance and controlled buy of heroin was made at the house. Seven persons, including the defendant, were present when the house was searched. All seven were subjected to a *Terry* [1] patdown search for weapons. During the subsequent search of the premises for drugs, the officers discovered a padlocked toolbox, which they forced open. Inside they discovered drugs and money. The police then searched those present for the key to the padlock. They discovered the key in defendant's pocket. At the preliminary examination, the trial judge ruled that the search warrant did not extend to the search of defendant's person and use of the key as evidence was suppressed. Since the

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

key was a crucial link, this resulted in the case being dismissed. The prosecutor now appeals by leave granted.

The prosecutor's argument that the search of defendant's person was authorized by the warrant is not well-taken. Defendant had challenged the search of his pockets for the key to the box. In attempting to justify this search, the prosecutor argues that the search of defendant's person was authorized by the warrant. We disagree, as the only person described in the warrant is someone other than the defendant. The relevant portions of the warrant are as follows:

> THEREFORE, IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN, I command that you search the following described place: The entire premises of the address known as 3151 Leland. . . .
> ALSO THE FOLLOWING DESCRIBED SUSPECTED SELLER: "Doug"; black male, 50 years old, 5'10", 250 lbs, large afro hair style, light complexion, mustache, and slight beard
> and to seize, secure, tabulate and make return according to the law the following property and things:
> Heroin and all other controlled substances, proofs of residency and/or control [sic] of the premises, all articles utilized in the sale, use, manufacturing or distribution of controlled substances, pre-recorded monies used in the purchase from the premises.

The prosecutor, however, urges us to find that the warrant authorized the search of defendant's person because, once the locked toolbox was found and opened, the pockets of the seven persons became containers which were included in the warrant's authority to search "the entire premises" and "seize . . . articles utilized in the sale,

use, manufacturing or distribution of controlled substances." We decline to make such a finding.

In *Ybarra v Illinois,* 444 US 85, 91; 100 S Ct 338; 62 L Ed 2d 238 (1979), the Supreme Court said:

> The Fourth and Fourteenth Amendments protect the "legitimate expectations of privacy" of persons, not places. See *Rakas v Illinois,* 439 US 128, 138-143, 148-149; 99 S Ct 421; 58 L Ed 2d 387 (1978); *Katz v United States,* 389 US 347, 351-352; 88 S Ct 507; 19 L Ed 2d 576 (1967).

In the present case, allowing the search of the persons present on the premises who were not named in the warrant on the basis that their presence made them containers of the evidence would erode the constitutional right to the reasonable expectation of personal privacy guaranteed by the Fourth and Fourteenth Amendments. *Ybarra, supra; People v Burbank,* 137 Mich App 266; 358 NW2d 348 (1984), lv den 419 Mich 917 (1984), cert den — US —; 105 S Ct 962; 83 L Ed 2d 967 (1985). Therefore, we hold that unless a search of a particularly described person is expressly authorized by a warrant, a full search of a person present on the premises subject to a warrant may not be based upon the warrant. To rule otherwise would invite the argument in future cases that the search of persons present on premises subject to a warrant is justified in every case where the contraband in question is small enough to be secreted on the person, since it could be argued that the person's pockets and clothing were containers of evidence subject to the warrant. Mere propinquity of a person to other persons or things on premises subject to a warrant cannot be the basis for denying the reasonable expectation of personal privacy. Therefore, we find that the lower court did not err

in holding that the search of defendant's pockets was not within the parameters of the search warrant in this case.

Affirmed.