PEOPLE v HAWKINS

Docket No. 91441. Submitted May 21, 1987, at Detroit. Decided July 13, 1987.

Edward Hawkins was charged in the Recorder's Court for the City of Detroit with possession of a controlled substance. Following a suppression hearing, the lower court, Justin C. Ravitz, J., ordered that the evidence be suppressed and the case dismissed. The prosecutor appealed.

The Court of Appeals *held:*

The lower court properly suppressed the evidence and dismissed the case. Defendant did not live in the house that the police were searching and was not described in the search warrant, nor did the police have probable cause to search defendant. Because it was not apparent that defendant possessed illegal contraband, the police could not arrest defendant or extend the warrant to search him.

Affirmed.

1. CONSTITUTIONAL LAW — SEARCHES AND SEIZURES — PERSONAL PRIVACY.

Persons have a constitutional right guaranteed by the Fourth and Fourteenth Amendments to the reasonable expectation of personal privacy; that right is eroded where a search warrant is executed and persons not named in the warrant are searched on the basis that their presence on the premises made them "containers of the evidence" (US Const, Ams IV and XIV).

2. EVIDENCE — SEARCHES AND SEIZURES — CRIMINAL LAW — SUPPRESSION OF EVIDENCE — SEARCH WARRANTS.

Evidence obtained from a defendant during the execution of a search warrant is properly suppressed where the defendant was not the person named or described in the warrant, the defen-

REFERENCES

Am Jur 2d, Evidence §§ 408 *et seq.*

Am Jur 2d, Searches and Seizures §§ 1 *et seq.*; 41 *et seq.*; 60 *et seq.*

Violation of federal constitutional rule (Mapp v Ohio) excluding evidence obtained through unreasonable search or seizure, as constituting reversible or harmless error. 30 ALR3d 128.

dant did not live in the house being searched and the police did not have probable cause to search the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief of the Criminal Division Research, Training and Appeals, for the people.

*Defenders' Office—Legal Aid and Defender Association of Detroit* (by *David Cripps*), for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and GRIBBS and C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant was charged with possession of a controlled substance, MCL 333.7403; MSA 14.15(7403).

At a suppression hearing, Officer Keith Terry testified that on October 18, 1985, he had entered a home in Detroit to execute a search warrant. The only person described in the warrant was "a black female, 45- to 50-years old, 140, medium complexion." Officer Terry testified that he was familiar with the contents of the warrant. Inside the house, Officer Terry encountered defendant, who had been detained by other officers. Officer Terry subjected defendant to a *Terry* pat-down search for weapons, *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), and found on defendant's person two plastic vials of Percodan which formed the basis of this prosecution. The lower court suppressed the evidence and dismissed the case. The prosecutor appeals as of right. We affirm.

We disagree with the prosecutor's argument

* Circuit judge, sitting on the Court of Appeals by assignment.

that the search of defendant's person was authorized by the warrant. In *Ybarra v Illinois* 444 US 85, 91; 100 S Ct 338; 62 L Ed 2d 238 (1979), the Supreme Court noted that persons have a constitutional right guaranteed by the Fourth and Fourteenth Amendments to the reasonable expectation of personal privacy. When a search warrant is executed and persons not named in the warrant are searched on the basis that their presence on the premises made them "containers of the evidence," that constitutional right is eroded. *Ybarra, supra; People v Arteberry,* 154 Mich App 1, 4; 397 NW2d 198 (1986), lv gtd 428 Mich 857 (1987); *People v Burbank,* 137 Mich App 266; 358 NW2d 348 (1984), lv den 419 Mich 917 (1984), cert den 469 US 1190; 105 S Ct 962; 83 L Ed 2d 967 (1985).

In the instant case, defendant did not live in the house that the police were searching, nor did the police have probable cause to search defendant. Because it was not apparent that defendant possessed illegal contraband, the police could not arrest defendant or extend the warrant to search him. *People v Secrest,* 413 Mich 521, 528; 321 NW2d 368 (1982); *Burbank, supra.* Therefore, we find that the lower court properly suppressed the evidence and dismissed the case.

Affirmed.